UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: CHEMED CORPORATION SHAREHOLDER
DERIVATIVE LITIGATION**

| | |
|---|---|
| KBC Asset Management N.V. v. Kevin J. McNamara, et al., ) | |
|     D. Delaware C.A. No. 1:13-01854 ) | MDL No. 2520 |
| Mildred A. North v. Kevin J. McNamara, et al., ) | |
|     S.D. Ohio, C.A. No. 1:13-00833 ) | |

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Southern District of Ohio action (*North*) moves to centralize this litigation in the Southern District of Ohio. This litigation currently consists of two actions pending in two districts. The actions are shareholder derivative actions brought against current and former officers and directors of Chemed Corp., a health care and plumbing services provider.[1] Plaintiffs in both actions allege that Chemed's subsidiary, Vitas Healthcare Corp. (Vitas), systematically submitted improper and ineligible claims to Medicare and Medicaid over the past decade.

Defendants[2] oppose the motion. Plaintiff in the District of Delaware action opposes centralization and, alternatively, suggests that the District of Delaware should be selected as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not appropriate at this time. The actions here unquestionably involve complex facts surrounding plaintiffs' shareholder derivative claims that relate to an estimated decade-long and systematic improper billing of Medicaid and Medicare at Chemed's Vitas hospice care provider

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan did not participate in the decision of this matter.

[1] According to plaintiffs, since 2004, Chemed's primary subsidiaries were Roto-Rooter (a plumbing repair and cleaning services company) and Vitas (the larger of the two, which operates for-profit hospice programs that include routine home care, general inpatient care, crisis care and respite care).

[2] Chemed Corp., Joel F. Gemunder, Patrick B. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Kevin J. McNamara, Timothy O'Toole, Thomas P. Rice, Donald E. Saunders, George J. Walsh, III, David Williams, Frank E. Wood, Patrick P. Grace, Ernest J. Mrozek, and Arthur V. Tucker, Jr.

-2-

subsidiary. However, we note that the proponent of centralization faces a heavy burden to demonstrate that centralization of these two action is appropriate. *See In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) (denying centralization of two actions, noting that "[a]s we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Moving plaintiff has failed to do so in these circumstances.

Weighing heavily in our decision to deny centralization is the pendency of a Section 1404 motion in the Southern District of Ohio action that, if granted, would eliminate the litigation's multidistrict character. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.'") (quoting *In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011)).[3] Given the small number of involved actions and the correspondingly limited number of involved counsel and courts, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of these two actions at this time. Alternatives to formal centralization – such as voluntary cooperation among the few involved counsel and two judges – appear to be workable, particularly at this early stage of litigation.[4]

---

[3] *See also In re: Michaels Stores, Inc., Pin Pad Litig.,* 844 F. Supp. 2d 1368, 1398-69 (J.P.M.L. 2012) (denying centralization of seven actions in two districts, noting "transfer pursuant to Section 1404 is available to minimize any possibility of duplicative discovery among these actions. Indeed, one action included in the present Section 1407 motion has already been transferred to the Northern District of Illinois from the District of New Jersey, pursuant to Section 1404. Though defendant represents that the remaining District of New Jersey plaintiff will not consent to Section 1404 transfer, we find that a motion for transfer to the Northern District of Illinois pursuant to Section 1404 is the better course of action in this situation.").

[4] *See In re Royal American Indust., Inc., Sec. Litig.*, 407 F. Supp. at 244 ("[W]e believe that consultation and coordination between the two concerned courts coupled with cooperation of the parties will suffice. Under the guidance of these courts, we are confident that procedures will be utilized to govern the conduct of each action in light of the pendency of the other which will minimize efforts by the parties and the judiciary, prevent duplication of discovery and eliminate any possibility of inconsistent pretrial rulings.") (internal citations omitted).

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer          Sarah S. Vance
Ellen Segal Huvelle